UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL PEACOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-01914 (RCL) |
| JO ANNE BARNHART, ) | |
| Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM

This matter comes before the Court on the plaintiff's motion [9] for judgment of reversal, and defendant's cross-motion [15] for judgment of affirmance. Upon consideration of these motions, the oppositions thereto, the reply brief, the applicable law, the administrative record, and the entire record herein, the Court concludes that the plaintiff's motion will be denied and defendant's cross-motion for judgment of affirmance will be granted in a separate order issued this date.

## BACKGROUND

**I.  Procedural Posture and Administrative Record**

Plaintiff filed his initial application for Social Security Disability Insurance Benefits ("DIB") on December 28, 2001 (Admin. R. 59-61)[1], alleging that he became disabled on August 15, 1993 (id. at 59, 78), due to heart disease, diabetes, stomach "problems," and vision difficulty.

---

[1] "Admin. R." refers to the certified Administrative Record submitted by the Commissioner of Social Security for purposes of this proceeding.

(Id. at 72, 78-79, 93, 96.)  Plaintiff's application was initially denied (id. at 21, 24-27), and on reconsideration the Social Security Administration ("SSA") determined that the plaintiff proved disability as of July 8, 1996.  (Admin. R. 23, 34-35.)  The SSA awarded the plaintiff retroactive benefits to July 8, 1996, encompassing a five year time period that preceded the December 28, 2001 initial filing date.  Following this determination, the plaintiff requested a hearing before an administrative law judge ("ALJ") challenging the SSA's finding that he was not disabled from August 15, 1993 to July 8, 1996.  (Id. 431-47.)  The hearing was held June 29, 2004, before ALJ Verrell Dethloff, who determined that the plaintiff was not disabled before July 8, 1996.  (Id. at 12-20.)  The plaintiff asked the Appeals Council to review the ALJ's decision, and the Council denied his request for review on September 10, 2004.  (Id. at 7-10.)  Plaintiff appeals to this Court.

## DISCUSSION

**I.   Standard of Review**

Pursuant to the United States Code, Title 42, Section 405(g), this Court has jurisdiction to review of the final decision the Commissioner of Social Security.  42 U.S.C.A. § 405(g) (West 2003 & Supp. 2006).  This Court may not try plaintiff's case de novo or reconsider evidence from the administrative record submitted in the defendant's answer.  Instead, the specific task of the reviewing court is to determine whether the Commissioner's findings of fact, in this case the decision of the ALJ, are supported by substantial evidence.  The Court must "carefully scrutinize the entire record."  Davis v. Heckler, 566 F. Supp 1193, 1195 (D.D.C. 1983) (Green, J.).  Under 42 U.S.C.A. § 405(g), the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.

The specific issue in this case is to determine whether the plaintiff is entitled to receive retroactive disability benefits for the relevant time period of August 15, 1993 to July 8, 1996. "A claimant found to have been disabled can be entitled to retroactive disability benefits" (Ornellas v. Chater, No. 94 Civ. 4871, 1996 WL 539852, at *6 (S.D.N.Y. Sept. 23, 1996)), to "the date of the initial [disability] application." White v. Bowen, 835 F.2d 974, 976 (2nd Cir. 1987). The Social Security Act provides that the payment of retroactive benefits is limited to the following:

> An individual who would have been entitled to a disability insurance benefit for any month had he filed [an] application before the end of such month shall be entitled to such benefit if such application is filed before the end of the twelfth month immediately succeeding such month.

42 U.S.C.A. § 423(b).

Therefore, the earliest day on which a claimant can be entitled to DIB is one year prior to the date of his application. Howard v. Barnhart, No. 04 Civ. 3737, 2006 WL 305464, at *2 (S.D.N.Y. Feb. 7, 2006). See Carter v. Schweiker, 649 F.2d 937, 941-42 (2nd Cir. 1981). The effective date of an application is important because, generally, a claimant who is found eligible for insurance benefits is entitled to retroactive benefits for a period of up to twelve months preceding that date. Shepard v. Chater, 932 F. Supp. 1314 (D. Utah 1996). "Prior to 1958, there were no retroactive benefits. When Congress amended the statute to allow such benefits, it limited them to twelve months." Yeiter v. Sec'y HHS, 818 F.2d 8 (6th Cir. 1996), cert. denied.

## ANALYSIS

In this case, plaintiff was found to be disabled as of July 8, 1996, a date over five years before the December 28, 2001 initial filing of the disability application. Because the onset of his disability was found to be at least twelve months before the date of initial application, the

plaintiff was entitled to the full range of retroactive benefits permitted by law. For reasons unknown to the Court and indiscernible from the briefs or administrative record, the plaintiff was granted disability benefits from the date of proved disability, July 8, 1996, up to the date of initial disability filing, December 28, 2001. The SSA, having found the plaintiff disabled as of July 8, 1996, apparently awarded him retroactive benefits from this date because the plaintiff reached his "55th birthday" in 1996. (Admin. R. 15.) The Court is unfamiliar with SSA policy granting retroactive disability benefits upon reaching a given age, and does not question the SSA's decision to award retroactive benefits to the plaintiff in this manner.

The Court agrees with the Sixth Circuit's holding made in Yeiter v. Sec'y HHS. 818 F.2d at 8. In Yeiter, the issue was "whether the plaintiff is entitled to disability insurance benefits retroactive to the onset of her disability or is limited, as provided in 42 U.S.C. § 432(b) and as the District Court found, to benefits retroactive to one year prior to filing of her application." Id. at 9. The Sixth Circuit affirmed the District Court's judgment limiting benefits to one year. The Court held that "Congress' purpose in limiting benefits to one year has a rational basis in that it preserves the fiscal integrity of the social security trust fund." Id. at 10.

Similarly, the plaintiff here alleges that he is entitled to receive retroactive disability benefits from the time period of August 15, 1993 to July 8, 1996. The Court finds that the plaintiff is not entitled to such benefits for the relevant time period, and has received satisfactory retroactive benefits to which he was entitled by law. The plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the plaintiff's application date. Howard, 2006 WL 305464, at *3. The Court finds that plaintiff has obtained all possible DIB under his present claim, thus rendering his claim moot. For these reasons, the Court finds the

ALJ's decision to deny benefits from August 15, 1993 to July 8, 1996 is based on substantial evidence, and is legally correct, and will dismiss the plaintiff's claim.

## CONCLUSION

For the reasons stated herein, the Court will deny plaintiff's motion [9] for judgment of reversal and grant defendant's cross-motion [15] for judgment of affirmance.

A separate Order shall issue this date.

SO ORDERED.

Signed by Royce C. Lamberth, U.S. District Judge, August 17, 2006.